[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
By motion dated August 4, 1995, the defendant moved to suppress evidence seized pursuant to a search and seizure warrant issued September 2, 1994 for 27 Framingham Drive, Apt. 4, Waterbury, Connecticut.
In its motion, the defendant claimed that the affidavit offered in support of the warrant application cited evidence based upon a taped conversation intercepted in violation of the wiretap statutes, Section 54-41a et. seq., and that, absent the illegally intercepted conversation, the affidavit would not support a finding of probable cause for the issuance of the warrant.
No evidence was offered at the hearing on said motion and the defendant moved the court to rule on the motion based on the four corners of the affidavit. The defendant conceded that with the information from the intercepted conversation included, the affidavit would, in fact, establish probable cause for the search.
The defendant conceded further that, pursuant to State v.Grullon, 212 Conn. 195 (1989), where one party consents to the taping of the conversation no violation of the wiretap statutes results. The state conceded that no application was made pursuant to the wiretap statutes and claimed, among other things, that the interception was made with the consent of one of the parties.
The affidavit filed in support of the application for the warrant indicated that an informant who had been taken into custody by the police provided information regarding drug activity involving the defendant and another at the premises in CT Page 11063 question. The informant "agreed to place a telephone order for heroin from the occupants of 27 Framingham Dr. Apt. 14" and indicated that a certain "code" would be used in the conversation (See Par. 7 of the warrant affidavit). The affidavit then recited the details regarding the taped conversation that resulted and the subsequent "buy" which took place with the assistance of the informant.
The defendant argues that the failure of the affidavit to include a recitation concerning compliance with the wiretap statutes or indicating the consent of the informant to the taping of the conversation requires this court to grant its motion to suppress; that such information had to be included within the four corners of the affidavit; that the failure to include such information indicates a violation of the wiretap statutes, and, therefore, the contents of the intercepted conversation should be excluded from the courts consideration relative to the existence of probable cause.
This court agrees that probable cause for the issuance of a search warrant must be found within the four corners of the affidavit filed in support of the application. State v. Colon,230 Conn. 24, 34 (1994). This court also agrees that information obtained through an illegal wiretap could not be used in assessing the existence of probable cause in a search warrant affidavit. State v. Torres, 36 Conn. App. 488, 495 (1995).State v. Ostroski, 201 Conn. 534, 544-45 (1986). However, there is no evidence contained within the four corners of the warrant, in this case, from which to conclude that the taped conversation was intercepted illegally. Furthermore, there is no authority for the proposition that where evidence of a taped conversation is used in establishing probable cause the affidavit must include a recitation specifically indicating the consent of one of the parties.
In the case at bar, even assuming authority for the above proposition exists, the issuing magistrate could easily and logically infer that the taping was consented to by the informant, given the circumstances outlined in the affidavit regarding his cooperation with the police. No basis exists to infer or presume a violation of the wiretap statutes and, therefore, no basis exists within the four corners of the warrant to exclude information resulting from the taped conversation. CT Page 11064
Furthermore, as argued by the state, even if this court were to exclude the contents of the taped conversation from consideration relative to the issue of probable cause, probable cause would exist within the four corners of the warrant given the information the police had from the informant prior to the taping of the call and the subsequent buy itself.
Defendant's motion to suppress is denied.
FASANO, J.